**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1139
_____

IN RE:  MICROBILT CORPORATION, ET AL.,
Debtors
_____

MICROBILT CORPORATION,
Appellant

v.

CHEX SYSTEMS, INC.;
GUNSTER, YOAKLEY & STEWART, P.A.;
DAVID M. WELLS

_____

On Appeal from the United States District Court
for the District of New Jersey (Civil Action No. 13-cv-04752)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2014

Before:  MCKEE, *Chief Judge*, GREENAWAY, JR., and KRAUSE, Circuit Judges.

(Filed: December 10, 2014)

_____

OPINION*
_____

_____

*      This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, Circuit Judge.

The Microbilt Corporation ("Microbilt") filed an adversary complaint in Bankruptcy Court against Chex Systems, Inc. ("Chex"), Gunster, Yoakley, & Stewart, P.A., and David Wells (collectively, "Gunster"), asserting claims for tortious interference and for violation of the Florida Uniform Trade Secrets Act ("FUTSA").[1] The Bankruptcy Court granted Chex's motion compelling arbitration on most of the counts and granted Gunster's motion for summary judgment on those that remained. The District Court affirmed, and Microbilt now raises two issues on appeal.[2]

First, Microbilt argues that the District and Bankruptcy Courts erred in holding that Florida's absolute litigation privilege applies to the disclosure of trade secrets allegedly in violation of FUTSA, or, in the alternative, that we should certify this question to the Florida Supreme Court pursuant to 3d Cir. LAR 110.1.[3] Florida's litigation privilege provides legal immunity for "any [tortious] act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding," regardless of the nature of the underlying dispute.[4]

---

[1] F.S.A. §§ 688.001-688.009.
[2] The District Court had appellate jurisdiction over the final order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1). We have jurisdiction to hear this appeal under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291.
[3] We may certify a question to a state court "[w]hen the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court . . . ." 3d Cir. LAR 110.1.
[4] *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)).

Microbilt relies on several recent cases carving out exceptions from the privilege for certain acts that occur before, after, or outside of a judicial proceeding, but these exceptions have no relevance to the present case.[5] Here, Gunster attached copies of a Microbilt subsidiary's invoices to customers as an exhibit to a complaint filed for breach of contract in the Middle District of Florida, allegedly disclosing Microbilt's trade secrets in violation of FUTSA. It is well-settled under Florida law that the absolute litigation privilege applies to statements in pleadings filed with the court.[6] We reject the contention that decisions from other states applying foreign law are relevant here. For these reasons, we agree with the District and Bankruptcy Courts that Gunster's conduct was privileged and that any amendment to the complaint would be futile.[7] We also decline to certify a settled question of law to the Florida Supreme Court.[8]

Second, Microbilt argues that the District and Bankruptcy Courts erred in dismissing and referring to arbitration its claims for tortious interference with contract and tortious interference with prospective economic advantage. If a valid arbitration clause exists and the dispute falls within the substantive scope of that clause, we must

---

[5] *See, e.g., DelMonico v. Traynor*, 116 So. 3d 1205, 1208, 1211-14 (Fla. 2013) (confirming the vitality of the absolute litigation privilege for acts that have some relation to a judicial proceeding, but holding absolute privilege does not extend to alleged defamatory ex-parte, out-of-court statement to potential nonparty witnesses in the course of investigating a pending lawsuit); *Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992) (holding absolute litigation privilege does not extend to defamatory statements made to authorities prior to initiation of a criminal proceeding).

[6] *DelMonico*, 116 So. 3d at 1217; *see also* Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading shall be considered a part thereof for all purposes.").

[7] *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

[8] *See Francisco v. United States*, 267 F.3d 303, 308 n.5 (3d Cir. 2001).

compel the parties to arbitrate the dispute.[9] The Resale Agreement between Chex and Microbilt contemplates that "[a]ny dispute, difference, controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration . . . ."[10] Microbilt alleged that Chex committed tortious interference by disclosing information defined under the terms of the Resale Agreement as "confidential" to Gunster and the general public.[11] Though nominally framed as tort claims, these claims relate to the parties' obligations under their contract, and as such, they are arbitrable under the broad scope of the arbitration clause in the Resale Agreement.[12]

For the foregoing reasons, we affirm the District Court's decision upholding the decision of the Bankruptcy Court.

---

[9] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626 (1985); *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 172 (3d Cir. 2014).

[10] Resale Agreement at ¶ 29.

[11] Each of the relevant claims cites the Resale Agreement's definition of "Confidential Information." (Compl. at ¶ 63; 72; 81; 88.)

[12] *See Mitsubishi*, 473 U.S. at 622 n.9; *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.7 (1984); *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20-21 (2d Cir. 1995).